PER CURIAM.
In response to 2013 legislation, the Florida Bar’s Criminal Procedure Rules Committee (Committee) has filed an out-of-cycle, fast-track report of proposed amendments to the Florida Rules of Criminal Procedure. See Fla. R. Jud. Admin. 2.140(e). The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the Committee’s proposals. After considering the proposals and reviewing the relevant legislation, we adopt the proposed amendments.[1]
The amendment to rule 3.121 (Arrest Warrant) adds language to subdivision (a)(6) recognizing that if certain conditions are met, a judge may electronically sign an arrest warrant. See ch.2013-247, § 1, Laws of Fla. (amending section 901.02, Fla. Stat. (2012), to authorize a judge to electronically sign arrest warrant, if certain conditions are met).
The title of rule 3.203 (Defendant’s Mental Retardation as a Bar to Imposition of the Death Penalty) and various subdivisions of that rule and rules 3.211 (Compe *124 tence to Proceed: Scope of Examination and Report); 3.212 (Competence to Proceed: Hearing and Disposition); 3.213 (Continuing Incompetency to Proceed, Except Incompetency to Proceed with Sentencing: Disposition); and 3.851 (Collateral Relief after Death Sentence has been Imposed and Affirmed on Direct Appeal) are amended to substitute the terms “intellectual disability” and “intellectually disabled” for the terms “mental retardation” and “mentally retarded.” See ch.2013-162, Laws of Fla. (changing terminology throughout the Florida Statutes).
Rule 3.692 (Petition to Seal or Expunge) is amended to reference newly created section 943.0583, Florida Statutes (2013), which provides for the expungement of the criminal history record of a victim of human trafficking. See ch.2013-98, § 2; ch.2013-99, § 1, Laws of Fla. (each creating subsections of new section 943.0583, Fla. Stat. (2013)). Subdivisions (e) through (g) are added to rule 3.989 (Affidavit, Petition, and Order to Expunge or Seal Forms) to provide corresponding forms.
The amendments to rule 8.852 (Capital Postconviction Public Records Production) conform the rule to chapter 2013-216, section 8, Laws of Florida, which substantially reworded section 27.7081, Florida Statutes (2013).
Accordingly, the Florida Rules of Criminal Procedure are hereby amended as reflected in the appendix to this opinion. New language is underscored. The amendments to rules 3.692 and 3.989 shall become effective January 1, 2014, at 12:01 a.m.[2] The remainder of the amendments shall become effective immediately upon the release of this opinion.[3] Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[4]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
*125 APPENDIX
RULE 3.121. ARREST WARRANT
(a) Issuance. An arrest warrant, when issued, shall:
(1) — (5) [No Change]
(6) be signed by the judge with the title of the office; or, may be electronically signed by the judge if the arrest warrant bears the affiant’s signature, or electronic signature, is supported by an oath or affirmation administered by the judge, or other person authorized by law to administer oaths, and, if submitted electronically, is submitted by reliable electronic means; and
(7) [No Change]
(b) [No Change]
Committee Notes
[No Change]
RULE 3.203. DEFENDANT’S MENTAL RETARDATION INTELLECTUAL DISABILITY AS A BAR TO IMPOSITION OF THE DEATH PENALTY
(a) Scope. This rule applies in all first-degree murder cases in which the state attorney has not waived the death penalty on the record and the defendant’s mental retardationintellectual disability becomes an issue.
(b) Definition of Mental Retardation-intellectual Disability. — As used in this rule, the term “mental retardationintellec-tual disability” means significantly subav-erage general intellectual functioning existing concurrently with deficits in adaptive behavior and manifested during the period from conception to age 18. The term “significantly subaverage general intellectual functioning,” for the purpose of this rule, means performance that is two or more standard deviations from the mean score on a standardized intelligence test authorized by the Department of Children and Family Services in rule 65G-4.011 of the Florida Administrative Code. The term “adaptive behavior,” for the purpose of this rule, means the effectiveness or degree with which an individual meets the standards of personal independence and social responsibility expected of his or her age, cultural group, and community.
(c) Motion for Determination of Mental Retardationintellectual Disability as a Bar to Execution: Contents; Procedures.
(1) A defendant who intends to raise mental retardationintellectual disability as a bar to execution shall file a written motion to establish mental retardationin-tellectual disability as a bar to execution with the court.
(2) The motion shall state that the defendant is mentally retardedintellectually disabled and, if the defendant has been tested, evaluated, or examined by one or more experts, the names and addresses of the experts. Copies of reports containing the opinions of any experts named in the motion shall be attached to the motion. The court shall appoint an expert chosen by the state attorney if the state attorney so requests. The expert shall promptly test, evaluate, or examine the defendant and shall submit a written report of any findings to the parties and the court.
(3) — (4) [No Change]
(5) If the defendant refuses to be examined or fully cooperate with the court appointed experts or the state’s expert, the court may, in the court’s discretion:
(A) order the defense to allow the court-appointed experts to review all mental health reports, tests, and evaluations by the defendant’s expert;
(B) prohibit the defense experts from testifying concerning any tests, evaluations, or examinations of the defendant regarding the defendant’s *126 mental retardationintellectual disabili-⅛ or
(C) order such relief as the court determines to be appropriate.
(d) Time for filing Motion for Determination of Mental Retardationintellec-tual Disability as a Bar to Execution. The motion for a determination of mental retardationintellectual disability as a bar to execution shall be filed not later than 90 days prior to trial, or at such time as is ordered by the court.
(e) Hearing on Motion to Determine ty. The circuit court shall conduct an evidentiary hearing on the motion for a determination of mental — retardationintel-lectual disability. At the hearing, the court shall consider the findings of the experts and all other evidence on the issue of whether the defendant is mentally-retarded intellectually disabled. The court shall enter a written order prohibiting the imposition of the death penalty and setting forth the court’s specific findings in support of the court’s determination if the court finds that the defendant is mentally retardedintellectually disabled as defined in subdivision (b) of this rule. The court shall stay the proceedings for 30 days from the date of rendition of the order prohibiting the death penalty or, if a motion for rehearing is filed, for 30 days following the rendition of the order denying rehearing, to allow the state the opportunity to appeal the order. If the court determines that the defendant has not established mental retardationintellectual disability, the court shall enter a written order setting forth the court’s specific findings in support of the court’s determination.
(f) [No Change]
(g) Finding of Mental Retardationin-tellectual Disability; Order to Proceed. If, after the evidence presented, the court is of the opinion that the defendant is mentally — retardedintellectually disabled, the court shall order the case to proceed without the death penalty as an issue.
(h) Appeal. An appeal may be taken by the state if the court enters an order finding that the defendant is mentally retarde-dintellectually disabled, which will stay further proceedings in the trial court until a decision on appeal is rendered. Appeals are to proceed according to Florida Rule of Appellate Procedure 9.140(c).
(i) Motion to Establish Mental Retar-dationlntellectual Disability as a Bar to Execution; Stay of Execution. The filing of a motion to establish mental-retai-dationintellectual disability as a bar to execution shall not stay further proceedings without a separate order staying execution.
RULE 3.211. COMPETENCE TO PROCEED: SCOPE OF EXAMINATION AND REPORT
(a) [No Change]
(b) Factors to Be Evaluated. If the experts should find that the defendant is incompetent to proceed, the experts shall report on any recommended treatment for the defendant to attain competence to proceed. In considering the issues relating to treatment, the examining experts shall report on:
(1) the mental illness or mental-refar-dafionintellectual disability causing the incompetence;
(2) the treatment or treatments appropriate for the mental illness or mental retardationintellectual disability of the defendant and an explanation of each of the possible treatment alternatives in order of choices;
(3)-(4) [No Change]
(c)-(d) [No Change]
*127 Committee Notes
[No Change]
RULE 3.212. COMPETENCE TO PROCEED: HEARING AND DISPOSITION
(a)-(b) [No Change]
(c) Commitment on Finding of Incompetence. If the court finds the defendant is incompetent to proceed, or that the defendant is competent to proceed but that the defendant’s competence depends on the continuation of appropriate treatment for a mental illness or mental-ret-ar-dation-intellectual disability, the cour-t-shall-con-sider issues relating to treatment necessary to restore or maintain the defendant’s competence to proceed.
(1) The court may order the defendant to undergo treatment if the court finds that the defendant is mentally ill or mentally ■retardedintellectually disabled and is in need of treatment and that treatment appropriate for the defendant’s condition is available. If the court finds that the defendant may be treated in the community on bail or other release conditions, the court may make acceptance of reasonable medical treatment a condition of continuing bail or other release conditions.
(2) [No Change]
(3) A defendant may be committed for treatment to restore a defendant’s competence to proceed if the court finds that:
(A) the defendant meets the criteria for commitment as set forth by statute;
(B) there is a substantial probability that the mental illness or mental ■retardationintellectual disability causing the defendant’s incompetence will respond to treatment and that the defendant will regain competency to proceed in the reasonably foreseeable future;
(C) treatment appropriate for restoration of the defendant’s competence to proceed is available; and
(D) no appropriate treatment alternative less restrictive than that involving commitment is available.
(4) — (8) [No Change]
(d) [No Change]
Committee Notes
[No Change]
RULE 3.213. CONTINUING INCOMPETENCY TO PROCEED, EXCEPT INCOMPETENCY TO PROCEED WITH SENTENCING: DISPOSITION
(a) Dismissal without Prejudice during Continuing Incompetency.
(1) [No Change]
(2) If the ineompetency to stand trial or to proceed is due to retardationintel-lectual disability or autism, the court shall 'dismiss the charges within a reasonable time after such determination, not to exceed 2 years for felony charges and 1 year for misdemeanor charges, unless the court specifies in its order the reasons for believing that the defendant will become competent within the foreseeable future and specifies the time within which the defendant is expected to become competent. The dismissal shall be without prejudice to the state to refile should the defendant be declared competent to proceed in the future.
(b) Commitment or Treatment during Continuing Incompetency.
(1) [No Change]
(2) If the continuing incompetency is due to retardationintellectual disability or autism, and the defendant either lacks the ability to provide for his or her well-being or is likely to physically injure himself or herself, or others, the *128 defendant may be involuntarily admitted to residential services as provided by law.
(c) [No Change]
Committee Notes
[No Change]
RULE 3.692. PETITION TO SEAL OR EXPUNGE
(a) Requirements of Petition. All relief sought by reason of sections 943.0585943.0583-943.059, Florida Statutes, shall be by written petition, filed with the clerk. The petition shall state the grounds on which it is based and the official records to which it is directed and shall be supported by an affidavit of the party seeking relief, which affidavit shall state with particularity the statutory grounds and the facts in support of the motion. A petition seeking to seal or expunge nonjudicial criminal history records must be accompanied by a certificate of eligibility issued to the petitioner by the Florida Department of Law Enforcement. A copy of the completed petition and affidavit shall be served on the prosecuting attorney and the arresting authority. Notice and hearing shall be as provided in rule 3.590(c).
(b)-(f) [No Change]
Committee Notes
[No Change]
RULE 3.851. COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL
(a)-(f) [No Change]
(g) Incompetence to Proceed in Capital Collateral Proceedings.
(1) — (8) [No Change]
(9) If the experts find that the death-sentenced prisoner is incompetent to proceed, the experts shall report on any recommended treatment for the prisoner to attain competence to proceed. In considering the issues relating to treatment, the experts shall report on:
(A) the mental illness or mental re-tardationintellectual disability causing the incompetence;
(B) the treatment or treatments appropriate for the mental illness or mental retardationintellectual disability of the prisoner and an explanation of each of the possible treatment alternatives in order of choices; and
(C) the likelihood of the prisoner attaining competence under the treatment recommended, an assessment of the probable duration of the treatment required to restore competence, and the probability that the prisoner will attain competence to proceed in the foreseeable future.
(10) — (13) [No Change]
(h)-(i) [No Change]
Court Commentary
[No Change]
RULE 3.852. CAPITAL POSTCONVICTION PUBLIC RECORDS PRODUCTION
(a) [No Change]
(b) Definitions.
(1) “Public records” has the meaning set forth in section 119.011(1), Florida Statutes(1997).
(2) “Trial court” means:
(A) the judge who entered the judgment and imposed the sentence of death; or
(B) the judge assigned by the chief judge.
*129 (B) “Records repository” means the location designated by the secretary of state pursuant to section 27.708142), Florida Statutes(2009), for archiving capital postconviction public records.
(4) [No Change]
(5) “Agency” and “person” means an entity or individual as defined in section 119.011(2), Florida Statutes (1997), that is subject to the requirements of producing public records for inspection under section 119.07(l)(a), Florida Statutes(4997).
(6) [No Change]
(c)-(e) [No Change]
(f) Exempt or Confidential Public Records.
(1) Any public records delivered to the records repository pursuant to these rules that are confidential or exempt from the requirements of section 119.07(4), Florida Statutes, or article I, section 24(a), Florida Constitution, must be separately contained, without being redacted, and sealed. The outside of the container must clearly identify that the public record is confidential or exempt and that the seal may not be broken without an order of the trial court. The outside of the container must identify the nature of the public records and the legal basis for the exemption.
(2) [No Change]
(g)-(h) [No Change]
(i) Limitation on Postproduction Request for Additional Records.
(1) [No Change]
(2) Within 30 days after the affidavit of collateral counsel is filed, the trial court shallmay order a person or agency to produce additional public records only upon finding each of the following:
(A)-(D) [No Change]
(j)-(m) [No Change]
RULE 3.989. AFFIDAVIT, PETITION, AND ORDER TO EXPUNGE OR SEAL FORMS
(a)-(d) [No Change]
*130 <el Petition to Expunge: Human Trafficking Victim,
In the Circuit Court of the Judicial Circuit in and for County, Florida
Ca.se No.:
Division
State of Florida._) _) Plaintiff. _) ) £_) ) ■ 1 ) Defendant/Petiti oner,_1 . .- ..,)
PETITION TO EXPUNGE/HUMAN TRAFFICKING VICTIM
The petitioner..bv and through the undersigned attorney, petitions this honorable court, under Florida Rule of Criminal Procedure 3,692 and section.943,0583, Florida Statutes, to.expunge.all criminal history record information in the custody of anv criminal justice agency and the official records of the court concerning the petitioner’s arrest and/or conviction on.(datéis!!. bv (arresting agency and/or prosecuting authority!.for (charges and/or offenses!.and as grounds therefor shows:
1. On f datéis!!.the petitioner.a (race/sex!.whose date of birth is.(date of birth!.was arrested bv.(arresting agency!.and charged with.(charges!.or was convicted bv.(name of prosecuting authority!.of.(offenses!.
2. The petitioner has been the victim of human trafficking, as discussed in section 787,06, Florida Statutes, and has committed an offense, other than those offenses listed in 775,0841 ltfbtl, which was committed as a part of a human *131 trafficking scheme of which he/she was the victim or at the direction of an operator of the scheme as evidenced by the attached official documentation of his/her status. or may be shown by clear and convincing evidence presented to the Court.
3. A Certificate of Eligibility for expunction ofnoniudicial criminal history records issued by the Florida Department of Law Enforcement accompanies this petition.
WHEREFORE, the petitioner moves to.expunge any criminal history record information and any official court records regarding his/her arrest and/or conviction by.(arresting agency and/or name of prosecuting authority!.for .(charges and/or offenses').on.fdateísY).
I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served on.(name of prosecuting authority).(check one!.State Attorney for the.Judicial Circuit, in and for.County.Special Prosecutor.Statewide Prosecutor;.("arresting agency").:. (Sheriff of county in which defendant was arrested, if different!: and the Florida Department of Law Enforcement, on (date").
Name:
Address:
Citv/State:
Telephone Number:
E-mail Address:
Fla. Bar No.:
*132 (f) Affidavit in Swpport of Petition; Human Trafficking Victim.
In the Circuit Court of the Judicial Circuit, in and for County, Florida
Case No.:
Division
State of Florida,_} _) Plaintiff. _ 1 1 Y,_1 1 Defendant/Petitioner.)
AFFIDAYIT/HIJMAN TRAFFICKING VICTIM
State of Florida
Countv of
I.(name of defendant/oetitioneii.am the defendant/petitioner in the above-stvied cause and I do hereby swear or affirm that:
1. 1 fully understand the meaning of all of the terms of this affidavit.
2. 1 have been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and have committed an offense, other than those offenses listed in 775,0840 Wll, which was committed as a part of a human trafficking scheme of which I was the victim or at. the direction of an operator of the scheme.
3. I was arrested and/or convicted on fdatefsV).bv farresting agency and/or name of prosecuting authority!.
*133 4. I am eligible for the relief requested, to the best of mv knowledge and belief, and.ido or do not!.have any other petition to expunge or seal pending before any Court-
Petitioner
Sworn to and subscribed before me on (date).
NOTARY PUBLIC, or other person authorized to administer an oath
Printed, typed, or stamped commissioned name of Notary Public
Personally known.or produced identification.
Type of identification produced.
Mv commission expires:
*134 (2) Order to Expunge: Human Trafficking Victim.
in the Circuit Court of the Judicial Circuit in and for County. Florida
Case No.:
Division
State of Florida._1 _) Plaintiff._) ) V;_l ) - i } Defendant/Petitioner._} I
ORDER TO EXPUNGE. HOMAN TRAFFICKING VICTIM. UNDER SECTION 943.0585. FLORIDA STATUTES. AND FLORIDA RULE OF CRIMINAL PROCEDURE 3,692
THIS CAUSE, having come on to be heard before me this date upon a petition to exnunge certain records of the petitioner’s arrest and/or conviction on .('datefsVi.by ('arresting agency and/or name of prosecuting authority). for.(charges and/or offenses!.and the court having heard argument of counsel and being otherwise fully advised in the premises, the court hereby finds the following:
1. The petitioner has been the victim of human trafficking, as discussed in section 787.06. Florida Statutes, and has committed an offense, other than those offenses listed in 775.084tlYbll.which was committed as a part of a human trafficking scheme of which he/she was the victim, or at the direction of an operator of the scheme.
*135 2. A Certificate of Eligibility issued by the Florida Department of Law Enforcement accompanied the petition for expunction of noniudicial criminal history records. Whereupon it is
ORDERED AND ADJUDGED that the petition to expunge is granted. All court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3,692; and it is further
ORDERED AND ADJUDGED that the clerk of this court shall forward a certified copy of this order to the (check one").state attorney.special prosecutor.statewide prosecutor.(arresting agencvt.and the Sheriff of.County, who will comply with the procedures set forth in section 943.0583, Florida Statutes, and appropriate regulations of the Florida Department of Law Enforcement, and who will further forward a copy of this order to any agency that their records reflect has received the instant criminal history record information: and it is further
ORDERED AND ADJUDGED that.(arresting agencvt.shall expunge all information concerning indicia of arrest, conviction, or criminal history record information regarding the arrest, conviction, or alleged criminal activity to which this petition pertains in accordance with the procedures set forth in section 943.0583, Florida Statutes, and Florida Rule of Criminal Procedure 3,692,
All costs of certified copies involved herein are to be borne by the
DONE AND ORDERED in Chambers at.County. Florida on (date!.
Circuit Court Judge
Committee Notes
[No Change]

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. The statutory changes made by chapters 2013-98 and 2013-99 become effective January 1, 2014. See ch.2013-98, § 8; ch.2013-99, § 3, Laws of Fla.

. The statutory changes made by chapters 2013-162, 2013-216, and 2013-247, Laws of Florida, became effective July 1, 2013. See ch.2013-162, § 53; ch.2013-216, § 19; ch.2013-247, § 3, Laws of Fla.

. All comments must be filed with the Court on or before February 10, 2014, with a certificate of service verifying that a copy has been served on the Committee Chair, Melanie L. Casper, 401 S. Dixie Highway, West Palm Beach, Florida 33401-5807, mcasper@rc-4. com, and on the Bar Staff Liaison to the Committee, Heather S. Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, htelfer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until March 3, 2014, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.